UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CARLTON STANLEY HAYMES, II**                                      **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:25-CV-124-JHM**

**RIVER COUNTY DRUG AND**
**VIOLENCE TASK FORCE**                                          **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Carlton Stanley Haymes, II, is incarcerated as a convicted prisoner at the Ballard County Jail. He sues the River County Drug and Violence Task Force ("the Task Force"). Plaintiff claims that the Task Force violated his constitutional rights when it executed a search warrant at the Ballard County Jail.[1] Plaintiff specifically alleges as follows:

> I'm a double amputee and was made get down on floor with real guns and bullets inside the jail that scared me and has me nervous wondering if they'll be back. I thought I had the right to be treated fairly when was made to get down on ground for doing nothing wrong now I have nightmares can't sleep, scared of losing my life not getting home alive to my family.
>
> My life was threatened bottom line they could have easley shot and killed me. Being a double amputee was hard hurting me falling to the ground because of being forced to get down that night.

---

[1] Fifteen separate actions have been filed in this Court regarding this incident. Although Plaintiff does not mention a search warrant in his complaint, the Court takes judicial notice that in some of the other actions, the complaints reflect that this incident happened while the River County Drug and Violence Task Force was executing a search warrant at the Ballard County Jail. *See*, *e.g.*, *Irvan v. River County Drug and Violent Task Force*, No. 5:25-CV-98-JHM (DN 1); *Roman v. River County Drug and Violence Task Force*, No. 5:25-CV-132-JHM (DN 1).

The Court construes the complaint as asserting an Eighth Amendment excessive-force claim against the Task Force.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has held that a multi-county task force is not an entity subject to suit. *Mayers v. Williams*, No. 16-5409, 2017 U.S. App. LEXIS 22053, at *8 (6th Cir. Apr. 21, 2017). Rather, "the proper defendants are . . . the jurisdictions that have joined together to form the [task force]." *Id.; see also Lopez v. Foerster*, No. 20-2258, 2022 U.S. App. LEXIS 8591 (6th Cir.

Mar. 29, 2022). This means that, here, the respective counties that have joined together to form the Task Force, and not the Task Force itself, are the proper defendants.

However, even if Plaintiff had sued the respective counties that make up the Task Force, the complaint would still fail to state a claim upon which relief may be granted. This is because neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of one of the counties which is part of the Task Force. Thus, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

Finally, the Court observes that even if it allowed Plaintiff to amend the complaint to bring an excessive-force claim against any of the individual law enforcement officers of the Task Force who participated in the search of the Ballard County Jail on the day in question, the Court would dismiss that claim under the Eighth Amendment. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The ban on cruel and unusual punishments prohibits the "'unnecessary and wanton infliction of pain'" on prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

A claim for excessive force under the Eighth Amendment includes both objective and subjective components. The Sixth Circuit has explained that "[i]n the use-of-force context, the Supreme Court has applied a more demanding subjective test but a more relaxed objective test." *Johnson v. Sootsman*, 79 F.4th 608, 615-16 (6th Cir. 2023). As to the objective component, "contemporary standards of decency" determine whether an officer's conduct is cruel and unusual. *Sootsman*, 79 F.4th at 616 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation omitted)). While this element does not require the infliction of a significant injury on an inmate, the officer's use of force must be more than *de minimis*. *Id.* (citing *Hudson*, 503 U.S. at 9-10).

As to the subjective component, the inquiry involves "distinguishing between force used in a 'good-faith effort to maintain or restore discipline' and force used 'maliciously and sadistically to cause harm'" such to violate the Eighth Amendment. *Id.* (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (other citations omitted). In evaluating malicious intent, courts consider: (1) the extent of the prisoner's injury; (2) the nature of the threat that justified the use of force; (3) whether the amount of force used was proportional to the threat; and (4) efforts made to temper the use of force. *Id.* at 618 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Whitley*, 475 U.S. at 321).

Even if Plaintiff's allegations satisfied the objective component set forth above, the Court finds that they do not satisfy the second. Plaintiff does not allege an injury beyond "hurting" from being made to "get down" on the floor. The Task Force was executing a search warrant at a jail, which presented the Task Force officers with a serious security concern. The allegations do not show that the amount of force used was not necessary to secure the jail to safely execute a search warrant there. Finally, Plaintiff's allegations fail to show how the Task Force could have tempered the amount of force used while securing the jail to safely execute a search warrant. In sum, while

5

Plaintiff may have understandably been very afraid during the incident, there is no indication that that any Task Force officer used force "maliciously and sadistically" to inflict pain upon Plaintiff.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date:   November 17, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.015